# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ANABELA RICE and JOEL D. RICE, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:11-CV-04220 |
| BANK OF NEW YORK f/k/a THE BANK | § | |
| OF NEW YORK and | § | |
| BANK OF AMERICA, N.A., | § | |
| *Defendants.* | § | |

## MEMORANDUM AND ORDER

This real property foreclosure action is before the Court on defendants' motion to dismiss and alternative motion for more definite statement (Dkt. 4). The motions are granted in part and denied in part.

## Background[1]

In December 2006, Plaintiffs Anabela Rice and Joel Rice executed a security agreement and a deed of trust mortgaging their home in Humble, Texas. (Dkt. 4-1). The amount of the loan was $79,200, payable to an entity called "America's Wholesale Lender", said to be a corporation organized and existing under the laws of New York. In addition to the lender, the deed of trust identified CTC Real Estate Services as trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) as a beneficiary acting solely as nominee for the lender. Neither the lender, trustee, nor beneficiary mentioned in the deed of trust are

---

[1] These facts are taken from Plaintiff's Original Petition, which are assumed to be true for purposes of this motion. Information from the underlying deed of trust attached to defendants' motion is also included.

parties to this suit.

In 2009, the Rices began having difficulty making their monthly payment. They contacted Bank of America (BOA) to discuss possible options, and BOA representatives advised them that under Home Affordable Modification Program ("HAMP") their monthly payment and interest rate would be reduced. The Rices filled out and submitted the proper paperwork and financials, and waited for a response.  After many months of delay, their HAMP application was approved for a three month trial period, during which they were required to (and did) make timely monthly payments at a reduced amount. In June 2010, the Rices were advised that their HAMP application was "approved"; however, the proposed modification increased rather than lowered their monthly payment, while the interest rate and term  stayed the same.  (Dkt. 1-3).  Unable to make this new higher payment, the Rices fell further behind, and on November 2, 2011, BOA foreclosed on the property.

Plaintiffs brought suit in state court to challenge the foreclosure,  asserting various causes of action including  breach of contract, promissory estoppel, negligence, and intentional infliction of emotional distress, as well as injunctive relief. Defendants removed the case to federal court on December 13, 2011.

## Standard of Review

Rule 12(b)(6) allows a court to dismiss a plaintiff's complaint if it "fails to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal is proper only if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1960 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 129 S. Ct. at 1949.  When the plaintiff does plead such specific facts, the court must assume that they are true, *Twombly*, 550 U.S. at 555, and draw all reasonable inferences in the plaintiff's favor.  *Elsensohn v. Tammany Parish Sheriff's Office*, 530 F.3d 368, 371–72 (5th Cir. 2008).  Courts will allow plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs are unwilling or unable to amend in a manner that will avoid dismissal. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. Tex. 2002).

## Analysis

### *Wrongful Foreclosure*

Defendants argue that plaintiffs have no plausible claim that defendants lack the legal authority to foreclose on their home. They cite federal case law rejecting the so-called "show me the note" theory, and point to provisions of the  Texas non-judicial foreclosure law authorizing a  mortgage servicer to foreclose regardless of whether it holds  the note. Tex. Property Code Ann.§ 51.0025.

However, Texas law does recognize a claim  for wrongful foreclosure. *See e.g. , Shepard v. Boone,* 99 S.W.3d 263 (Tex. App.–Eastland 2003); *League City State Bank v.*

3

*Mares,* 427 S.W.2d 336 (Tex. Civ. App.– Houston[14th Dist.] 1968). Texas courts also permit debtors to seek injunctive and declaratory relief to prevent wrongful foreclosure. *See e.g., Leavings v. Mills,* 175 S.W.3d 301 (Tex. App.– Houston [1ˢᵗ Dist.] 2004, no. pet). Debtors may challenge a foreclosure sale on various grounds, including non-compliance with the requirements of the deed of trust. *See Slaughter v. Qualls,* 162 S.W. 2d 671 (Tex. 1942) ("A trustee has no power to sell the debtor's property, except such as may be found in the deed of trust; and the powers therein conferred must be strictly followed.").

A mortgage debtor may also challenge the "contractual standing" of the foreclosing party. *Martin v. New Century Mortgage Co.,* 2012 Tex.App. LEXIS 4705 (Tex. App. – Houston [1ˢᵗ Dist.] June 14, 2012). When a party not named in the original mortgage or deed of trust seeks to foreclose, it must be able to trace its rights under the security instrument back to the original holder. *Leavings,* 175 S.W.3d at 310. This "chain of title" can be proven in several ways, including documents filed of record in the county clerk's office, Tex. Prop. Code Ann. § 51.0001(4)( C) ; successive transfers of possession and indorsements of the note to the current holder, Tex. Bus. & Com.Code Ann. § 3.201; or an unbroken chain of assignments from the original mortgagee. *Leavings,* 175 S.W. 3d at 310. *See generally Miller v. Homecomings Financial, LLC,*  2012 WL 3206237 at*2-4 (S.D. Tex. Aug. 8, 2012). An unexplained gap in the chain of title may present a fact issue on whether a party has the right to foreclose. *Id.*

These same rules apply even when the party seeking to foreclose is a mortgage

4

servicer. Under Texas foreclosure law, a mortgage servicer is defined as "the last person to whom a mortgagor has been instructed *by the current mortgagee* to send payments for the debt secured." Tex. Prop. Code Ann. § 51.0001(3) (emphasis added). In order to administer a foreclosure, "the mortgage servicer and the mortgagee [must] have entered into an agreement granting the current mortgage servicer authority to service the mortgage", and notice of that agreement must be given to the debtor. *Id.* at § 51.0025. Thus, the mortgage servicer derives its authority from an agreement with the current mortgagee. Absent chain of title proof that its contracting party is in fact the current mortgagee for that property, a servicing entity has no right to foreclose under Texas law.   *Shelton v. Flagstar Bank, FSB,* 2012 WL 1231756, at * 2 (S.D. Tex. April 12, 2012).

Defendants also urge that a mortgage debtor has no standing to challenge mortgage assignments or transfers. However, no Texas state court case is cited for this proposition, and the Court has found none. On the contrary, Texas has long followed the common law rule allowing a debtor to assert against an assignee any ground that renders the assignment void or invalid. *See e.g., Glass v. Carpenter,* 330 S.W.2d 530, 537 (Tex. Civ. App.– San Antonio 1959, writ ref'd n.r.e.); *Miller v. Homecomings Financial, LLC,* 2012 WL 320 6237 at *4-5 (S.D.Tex. Aug. 8, 2012) (collecting cases). *See generally,* 6 Am.Jur.2d Assignments § 119; 6A C.J.S. Assignments § 132.

All that said, the allegations of wrongful foreclosure in the Rices' original petition are cursory at best. Although the facts recite several dealings with BOA representatives, it is

never made clear whether defendant Bank of America is the current mortgagee or the mortgage servicer (or perhaps both). The petition claims that their home "was wrongly foreclosed on November 2, 2011," but does not name the actual parties who participated in the sale. Nor does the petition purport to identify exactly where the gap in the chain of title to the original lender ("America's Wholesale Lender") occurred. Nor is it clear what role the other named defendant, Bank of New York Mellon f/k/a Bank of New York, played in this saga.

For these reasons defendants' motion to dismiss this claim is denied, but their motion for more definite statement is granted.

### Breach of Contract

Plaintiffs' allege that the deed of trust explicitly incorporated federal HUD regulations regarding loss mitigation, and that defendants failure to comply with these regulations constituted a breach of contract. Plaintiffs theory is that HUD regulations require defendants to "take those appropriate actions which can reasonably be expected to generate the smallest financial loss to the Department," 24 C.F.R. § 203.501, and that would require a HAMP modification rather than foreclosure. The Fifth Circuit has recognized that HUD regulations incorporated into mortgage documents constitute an integrated contract. *Hernandez v. Home Sav. Ass'n of Dallas County,* 606 F.2d 596, 601 (5th Cir. 1979).

Defendants assert that this claim should be dismissed because plaintiffs themselves were in default by failing to make required mortgage payments. It is true that a party in

6

default cannot maintain a cause of action for breach of contract.  *Gulf Pipe Line Co. v. Nearen*, 138 S.W.2d 1065, 1068 (Tex. 1940).  However, plaintiffs suggest that defendants' breach contributed to their default.  If that were the case, then plaintiffs performance may be excused, and a claim for breach could be maintained.  *Longview Constr. & Development, Inc. v. Loggins Constr. Co.*, 523 S.W.2d 771, 779 (Tex. Civ. App. — Tyler 1975, writ dism'd by agr.).  Resolution of such a factual dispute is not appropriate under Rule 12(b)(6).

Defendants also argue that failure to offer a loan modification cannot be a breach of contract under the deed of trust, but no case law is cited in support of this proposition. Defendants further argue that plaintiffs were in fact offered a loan modification, which they refused. This ignores the fact that the offered modification was to *increase* their monthly payment, rather than reduce it. Plaintiffs can rightly contend that such a modification was hardly a good faith effort at loss mitigation.

Once again, although dismissal is not appropriate, the contract claim should be repleaded with greater specificity. In particular, the complaint should specify precisely which provisions of the deed of trust incorporate the HUD regulations, and set out more clearly how and when each defendant (particularly Bank of New York Mellon) actually violated those terms.

### Promissory Estoppel

Plaintiffs alternatively assert promissory estoppel, claiming detrimental reliance on defendants' alleged promise to provide a HAMP modification to their loan. Defendants have

claimed that plaintiffs' promissory estoppel claim is barred by the statute of frauds. *See* Tex. Bus. & Com. Code §§ 26.01(b)(4), 26.02(b). However, the statute of frauds does not bar a promissory estoppel claim based on an oral promise to sign a written contract. *See Nagle v. Nagle,* 633 S.W.2d 796, 800 (Tex. 1982). Arguably, the HAMP modification would fall within this promissory estoppel exception to the statute of frauds.

In any event, this issue is more suitable for resolution on a summary judgment motion, rather than at the pleading stage on a motion to dismiss.

### *Tort Claims*

Plaintiffs assert tort claims of negligence and intentional infliction of emotional distress, based essentially on the same conduct as their wrongful foreclosure and contract claims. As defendants correctly point out, the failure to perform the terms of a contract is generally a breach of contract, not a tort. *Heller Fin. v. Grammco Computer Sales*, 71 F.3d 518, 527 (5th Cir. 1996). If the injury caused by defendants is only economic loss, then there is only a breach of contract claim. *Southwestern Bell Tel. Co. v. Delanney*, 809 S.W.2d 493, 495 (Tex. 1991). Whether defendants negligently, recklessly, or intentionally failed to perform under the contract does not transform a breach of contract claim into a tort claim. *See Creel v. Houston Indus.*, 124 S.W.3d 742, 753 (Tex. App. — Houston [1st Dist.] 2003). Plaintiffs have not cited any Texas case law supporting these tort claims. Therefore, plaintiffs' negligence and intentional infliction of emotional distress claims are dismissed.

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss is granted with respect to plaintiffs' negligence and intentional infliction of emotional distress claims. Defendants motion for more definite statement is granted with respect to the wrongful foreclosure and breach of contract claims; such claims are to be repleaded in accordance with the federal rules by September 14, 2012. In all other respects, defendants' motions are denied.

Signed at Houston, Texas on August 24, 2012.

Stephen Wm Smith
United States Magistrate Judge